**SERENA H., A Minor, by and through her legal custodians Michelle and Kenneth Haws, Plaintiff,**

v.

**George KOVARIE, in his official capacity as Director of Berks County Children and Youth Services, et al., Defendants.**

No. 00–CV–490.

United States District Court, E.D. Pennsylvania.

June 28, 2002.

Anne P. Felher, Bethlehem, PA, for Plaintiff.

William F. Holsten, II, Holsten & Associates, Media, PA, for Defendant.

## *EXPLANATION AND ORDER*

ANITA B. BRODY, District Judge.

On November 26, 2001, defendants George Kovarie ("Kovarie"), Berks County Children and Youth Services ("BCCYS"), and the County of Berks (collectively "the defendants"), moved to dismiss four claims of plaintiff Serena H.'s ("plaintiff" or "Serena") Third Amended Complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted. On December 10, 2001, plaintiff filed a short response to the motion to dismiss. For the reasons that follow, the motion will be denied. However, pursuant to plaintiff's representation that she consents to dismissal of claim VI of the Third Amended Complaint, that claim will be dismissed with prejudice.

### Factual Background

On or around July 4, 1997, Serena was injured while traveling in a vehicle driven by her mother, Judith MacNair ("Mac-Nair"). She was immediately hospitalized and, upon being discharged from the hos-

pital, was taken into the custody of the defendants. Defendant Berks County Child and Youth Services obtained an emergency custody order for Serena and arranged for a custodial placement for her. During the pendency of this placement, MacNair was only permitted to have limited supervised visitation with plaintiff.

Plaintiff claims that she was abused while in the care and custody of the defendants. In the course of her visits with Serena, MacNair noticed several behavioral problems with her daughter. She allegedly complained to various representatives of the defendants, including the caseworker and the director of placement services. MacNair demanded that appropriate action be taken, but was ignored by defendants. Plaintiff alleges that this failure to act occurred in conformance with a custom, policy or practice of the defendants. Eventually, an investigation was undertaken by defendants, which plaintiff alleges to have been inadequate and primarily directed at shielding defendants from liability. The results of this investigation were never released to MacNair or any other individuals who could have acted to prevent or remedy the abuse of Serena.

On January 27, 2000, MacNair filed a complaint on behalf of herself and her infant daughter Serena. In response to various motions to dismiss filed by the defendants, MacNair filed two amended complaints over the next year. However, on or about April 24, 2001, MacNair passed away. On September 10, 2001, defendants filed a motion to dismiss pursuant to Fed.R.Civ.P 25(a). On September 20, 2001, I granted this motion with respect to the claims brought on behalf of MacNair and denied the motion with respect to the claims brought on behalf of Serena. I appointed attorney Anne Felker to represent Serena and granted her leave to file a third amended complaint.

Plaintiff filed a third amended complaint on November 2, 2001. On November 26, 2001, defendants filed a motion to dismiss the following claims of the third amended complaint: (1) claim III, alleging deprivation of due process in connection with the investigation undertaken by defendants, (2) claim IV, alleging retaliation for the exercise of First Amendment rights, (3) claim V, alleging deprivation of due process by employees of the municipal defendants in conformance with a custom, policy or practice of the municipality, and (4) claim VI, alleging negligence. On December 10, 2001, plaintiff filed a response, opposing the motion to dismiss as to claims III, IV and V, and conceding that defendants enjoy absolute immunity from the state tort claim asserted in claim VI. As plaintiff has consented to the dismissal of claim VI, I shall not discuss it; I will discuss each of the other three claims individually.

**Motion to Dismiss**

Rule 12(b)(6) permits the court to dismiss an action for failure to state a claim upon which relief can be granted. Fed. R.Civ.P. 12(b)(6). In order to survive a 12(b)(6) motion, the plaintiff must provide enough evidence to support its claims; however, she does not need to demonstrate that she will prevail on the merits. *See Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). The claim may be dismissed only if the plaintiff cannot demonstrate any set of facts in support of the claim that would entitle it to relief. *See Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Williams v. New Castle County*, 970 F.2d 1260, 1266 (3d Cir.1992). In considering the motion to dismiss, the court must accept as true all factual allegations in the complaint and all reasonable inferences that may be drawn therefrom, construing the complaint in the light most favorable to the plaintiff. *See Hishon*, 467 U.S. at 73, 104 S.Ct. 2229; *Weiner v.*

*Quaker Oats Co.,* 129 F.3d 310, 315 (3d Cir.1997).

**42 U.S.C. § 1983**

■ 42 U.S.C. § 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another of the rights, privileges and immunities secured by the Constitution or federal laws. *See Doe v. Delie,* 257 F.3d 309, 314 (3d Cir.2001). This statutory provision "does not create any new substantive rights, but it provides a remedy for the violation of a federal constitutional or statutory right conferred elsewhere." *Id.* Where a plaintiff seeks to hold a municipal entity liable in a § 1983 action, she must prove that the alleged injury resulted from the implementation of a policy or custom of the municipality. *See Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Andrews v. City of Philadelphia,* 895 F.2d 1469, 1480 (3d Cir.1990). The municipality must be the moving force behind the alleged constitutional injury. *See Board of County Commissioners of Bryan County v. Brown,* 520 U.S. 397, 404, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997). Therefore, the doctrine of respondeat superior does not apply to a § 1983 action against a municipality. *See Monell,* 436 U.S. at 694, 98 S.Ct. 2018.

In pleading a § 1983 action against a municipality or a municipal officer in his official capacity, a plaintiff need only comply with the Federal Rules of Civil Procedure's regime of notice pleading. The Supreme Court has held that there can be no heightened pleading requirement in § 1983 actions against municipalities and officers in their official capacities. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 168, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993); *see also, Albright v. Virtue,* 273

F.3d 564, 571 (3d Cir.2001). The Court found that such a requirement would be inconsistent with the ordinary notice pleading standard of Fed.R.Civ.P. (8)(a) and the specific limited exceptions listed in Fed.R.Civ.P. 9(b). *See Leatherman,* 507 U.S. at 168, 113 S.Ct. 1160.

**Claim III**

In this claim, plaintiff asserts that she was deprived of due process in connection with the investigation of her placement undertaken by defendants. She suggests three particular reasons why this investigation was a denial of due process: (1) the investigation was not done in accordance with prevailing investigatory standards, (2) the investigation was done with the intention of shielding defendants from any allegations of misconduct or negligence, and (3) the defendants failed and refused to release information from the investigation with those in a position to use it for the benefit and protection of plaintiff. Defendants' main argument for dismissing this claim is that plaintiff has not and cannot establish any damages from the alleged constitutional violation, a necessary element of a § 1983 claim against a municipal defendant.

[3] In *Monell,* the Supreme Court established the principle that, in order for a municipal defendant to be liable under § 1983, a plaintiff must (1) identify the policy in question, (2) attribute the policy to the municipality itself, and (3) show a causal link between the execution of the policy and the injury suffered. *See Monell,* 436 U.S. at 694, 98 S.Ct. 2018; *Losch v. Borough of Parkesburg,* 736 F.2d 903, 910 (3d Cir.1984). The Supreme Court has clarified the third prong of this standard, holding that there must be a "direct causal link between the municipal action and the deprivation of federal rights." *See Brown,* 520 U.S. at 404, 117 S.Ct. 1382.[1]

---

1. Prior to *Brown,* the Third Circuit applied a

standard holding that "a sufficiently close

■ Defendants claim that the complaint fails to adequately plead the requisite causal link between the custom or policy at issue and the constitutional injury that occurred. They suggest that plaintiff was required to specify the damages she claims to have suffered from defendants' investigation in order to make out a claim of municipal liability. Defendants also assert that there is no injury that plaintiff could conceivably have suffered as a direct result of the investigation. Therefore, according to defendants, this claim must be dismissed for failure to state a claim.

Construing the factual allegations in the complaint in the light most favorable to plaintiff and applying the requirements of notice pleading to this claim, I find defendants' motion with regard to this claim to be meritless. The complaint contains factual allegations that, construed in the light most favorable to the plaintiff, satisfy the elements of both municipal liability under § 1983 and the underlying violation of due process. Defendants' argument that plaintiff must allege specific damages related to the municipal custom or policy improperly places a heightened pleading burden on the plaintiff. At this stage of the litigation, plaintiff's general allegation of damages (Complaint ¶ 31) is sufficient under the Federal Rules. See Fed.R.Civ.P. 8(a), 9(b). Therefore, defendants' motion to dismiss claim III is denied.

### Claim IV

Plaintiff claims that plaintiff suffered retaliation for her mother's exercise of First Amendment free speech rights. Plaintiff asserts that when her mother criticized defendants BCCYS and the County of Berks, she was exercising either her own free speech rights, or the free speech rights of plaintiff, her daughter. Serena argues that defendants retaliated against her for her mother's exercise of free speech by refusing to credit the accusations and by knowingly endangering her well-being and interests when they failed to take any action.

Defendants argue that this claim must fail, as plaintiff cannot demonstrate that she was exercising her First Amendment rights because she was a pre-verbal infant at the time the remarks were made. Additionally, they assert that plaintiff cannot assert a First Amendment retaliation claim grounded upon her mother's exercise of free speech.

■ The Supreme Court has explicitly held that an individual has a viable claim against the government when he is able to prove that the government took action against him in retaliation for the exercise of his First Amendment rights. See Mt. Healthy City School District Board of Education v. Doyle, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977); see also, Anderson v. Davila, 125 F.3d 148, 160 (3d Cir.1997). The lower federal courts have developed well-accepted formulations for First Amendment retaliation claims brought under § 1983 by public employees, see Merkle v. Upper Dublin Sch. Dist., 211 F.3d 782, 793 (3d Cir.2000); Watters v. City of Philadelphia, 55 F.3d 886, 892 (3d Cir.1995), and private citizens. See Suarez Corp. Indus. v. McGraw, 202 F.3d 676, 685 (4th Cir.2000); Hankard v. Town of Avon, 126 F.3d 418, 421–22 (2d Cir.1997). For both of these standards, the initial showing a plaintiff must make is

causal link between . . . a known but uncorrected custom or usage and a specific violation is established if occurrence of the specific violation was made reasonably probable by permitted continuation of the custom." *Bielevicz v. Dubinon*, 915 F.2d 845, 851 (3d Cir.

1990). This standard has likely been overruled by the Supreme Court's holding in *Brown*, though I do not have to decide this issue today. *See Izquierdo v. Sills*, 68 F.Supp.2d 392, 407 n. 8 (D.Del.1999).

that he or she engaged in speech or conduct that was protected by the First Amendment. *See Merkle*, 211 F.3d at 793; *Suarez*, 202 F.3d at 685; *Hankard*, 126 F.3d at 421.

In this case, the parties agree that the speech at issue in the claim was not uttered by plaintiff, but was instead spoken by her mother. Plaintiff offers two theories to explain why she may assert a cause of action based upon her mother's speech. Her first theory is that MacNair's complaints to the defendants constituted an exercise of her daughter's rights of free speech, as the contents of the speech concerned the conditions of the daughter's custody. Plaintiff's second theory is that she may bring a First Amendment retaliation claim where she was retaliated against based upon her mother's exercise of free speech. As to the second theory, defendants argue that, as MacNair's claims in this lawsuit were dismissed with prejudice, plaintiff cannot base any claims upon rights belonging to MacNair. This argument disregards the doctrine of third-party standing, which permits plaintiffs to assert the rights of others to obtain relief for injuries to themselves in limited circumstances. *See Singleton v. Wulff*, 428 U.S. 106, 113–14, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976); *Amato v. Wilentz*, 952 F.2d 742, 748–49 (3d Cir.1991). As the allegations of the complaint, viewed in the light most favorable to plaintiff, suggest that she can satisfy the requirements of third-party standing, defendants' motion to dismiss this claim must be denied.

## Claim V

In this claim, plaintiff alleges that, in carrying out various customs, policies and practices of defendants BCCYS and the County of Berks, defendant Kovarie failed to properly safeguard plaintiff's interests. These customs, policies and practices include a policy of ignoring complaints made by parents of children in defendants' custody (Complaint ¶ 11) and also appear to include a policy of improperly screening foster care providers (Complaint ¶¶ 38–39). Plaintiff alleges that she was injured by various actions or inaction by defendant Kovarie pursuant to these customs, policies and practices.

Defendants interpret this claim as relating solely to abuse suffered by Serena in the period prior to the investigation that they undertook. They assert that, if the abuse did occur during the pendency of their custody of Serena, the only individuals who could possibly have been responsible for the abuse were members of the foster family where Serena was placed. Defendants cite to a Third Circuit opinion holding that liability under § 1983, in the absence of a special relationship duty, may not be predicated upon underlying violations committed by private actors. *See D.R. by L.R. v. Middle Bucks Area Vocational Technical School*, 972 F.2d 1364, 1376 (3d Cir.1992). Defendants assert that, as the complaint does not specifically allege that Serena was abused by a state actor, she must have been abused by a private actor. Thus, they argue, plaintiff cannot make out a claim for municipal liability under § 1983 for any abuse suffered by Serena.

Defendants' argument depends upon an improperly limited reading of the factual allegations in the complaint. Properly read, the complaint alleges that plaintiff was injured as a result of the actions of defendant Kovarie, a state actor, and that she suffered various damages. Once discovery has occurred and plaintiff has had the opportunity to develop evidence about the exact nature and cause of Serena's injuries, this issue may arise again. However, at the present stage of the litigation, plaintiff has sufficiently alleged injury resulting from the actions of a state actor.

Therefore, the motion to dismiss this claim shall be denied.

### ORDER

AND NOW, this 28th day of June, 2002, upon consideration of defendants' Partial Motion to Dismiss the Third Amended Complaint (Docket Entry # 37) and plaintiff's response, it is **ORDERED** that:

1. Defendants' Motion to Dismiss the Third Amended Complaint (Docket Entry # 37) is **DENIED;**
2. Count VI of the Third Amended Complaint is **DISMISSED** with prejudice, pursuant to plaintiff's representation that she consents to dismissal of the claim.